UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Technology Solutions Company and                                    Civil No. 06-3789 (PAM/JSM)
Zamba Solutions, LLC,

                                   Plaintiffs,

v.                                                              **MEMORANDUM AND ORDER**

Norman D. Smith,

                                   Defendant.

---

This matter is before the Court on Defendant's Motion to Transfer Venue to the

Western District of Texas.  For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

Plaintiffs Technology Solutions Company (TSC) and Zamba Solutions, LLC, are

organized under the laws of Delaware and have their principal places of business in Chicago,

Illinois.  Zamba Solutions is a wholly-owned subsidiary of TSC.  Zamba Corporation was

a predecessor entity to Zamba Solutions and had its principal place of business in

Minneapolis, Minnesota.  Defendant is an individual who resides in Austin, Texas.

Defendant was the Chief Executive Officer (CEO) of Zamba Corporation until June

2004.  Although he did not reside in Minnesota, he traveled here often and lived in an

executive apartment in Minneapolis.  On June 30, 2004, Defendant and Zamba Corporation

entered into a severance agreement.  In part, the agreement prohibited Defendant from

soliciting Zamba Corporation's employees for two years.  The agreement also contained

successorship and Minnesota choice-of-law provisions.  Not long after the agreement was

executed, Zamba Corporation merged into Zamba Solutions.

According to Plaintiffs, Defendant breached the agreement by soliciting two former

co-workers, Stewart Sagastume and Christopher Conti, to join Defendant's new company.

Conti lives in Boston, Massachusetts, and Sagastume lives in Minneapolis, Minnesota.

Plaintiffs are suing Defendant for breach of contract and unjust enrichment.

In the present motion, Defendant contends that venue is inconvenient in this District

and that Plaintiffs have little connection with Minnesota.  He asks the Court to transfer this

case to the Western District of Texas.

**DISCUSSION**

"For the convenience of the parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been

brought."  28 U.S.C. § 1404(a).  However, a court is not limited to the statutory language

because transfer determinations "require a case-by-case evaluation of the particular

circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss.

Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).   "The party seeking transfer bears the

heavy burden of showing that the balance of factors strongly favors the movant."  United

Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994) (Doty, J.)

(citation omitted) (emphasis in original).   There is a general presumption favoring a

plaintiff's choice of forum, but a court may give that choice less deference if the plaintiff does not reside in the forum or the underlying facts did not occur there. Nelson v. Soo Line R.R. Co., 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999) (Doty, J.) (citations omitted).

The balance of factors in this case does not favor a transfer of venue. Although TSC has little connection with Minnesota, this is its chosen forum and will be given some deference. TSC's predecessor company, Zamba Corporation, had its principal place of business in Minnesota at the time Defendant worked for Zamba Corporation. Defendant often traveled to Minnesota and rented an apartment here in his capacity as CEO. The severance agreement includes a provision designating Minnesota law as governing. Litigating in Texas would be more inconvenient to TSC, which as a Chicago resident is closer to Minnesota. Several of TSC's witnesses are also based in Chicago. Although Defendant lives in Texas, shifting the inconvenience from one party to another is not a sufficient reason to grant a transfer. No non-party witnesses reside in Texas, whereas a key witness, Mr. Sagastume, resides in Minnesota. Defendant has not shown an inability to litigate in this forum. There are no obstacles to a fair trial in either forum, nor would there be any difficulty enforcing a judgment in either location. After considering all of the relevant factors, the Court declines to transfer this case.

**CONCLUSION**

The convenience of the parties and witnesses, and the interest of justice, will be best served by retaining venue in Minnesota. Accordingly, **IT IS HEREBY ORDERED** that

Defendant's Motion to Transfer Venue to the Western District of Texas (Docket No. 24) is

**DENIED**.


Dated: April 11, 2007

 s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
